No. 131

SCHORNFIELD v. PITTSBURG, etc., RY.

Ohio Appeals, 7th Dist., Mahoning County
Decided October 12, 1923

951. PRINCIPAL AND AGENT—Principal not liable for acts of unauthorized agent—Merely presenting a bill of lading, for goods, without examination or signature of consignee, no authority for delivery by railroad company.

ROBERTS, J.

Epitomized Opinion

First Publication of this Opinion

Schornfield in Youngstown was accustomed to buy whiskey from Rosenblum & Co. in Pittsburg, which company would ship the whiskey to itself in Youngstown with a request of notice to Schornfield. It would send an order bill of lading to which was attached a sight draft. Schorneld would pay the draft, obtain the bill of lading, present the latter to the railroad company and secure the merchandise.

In November, 1917, two shipments of whiskey had been made in this manner, one of five barrels and the other of twelve cases. Some man, unidentified, appeared at the railway station and presented the bill of lading for twelve cases of whiskey. The agents received it and by mistake gave him an order for the five barrels of whiskey. The man secured the whiskey and disappeared. Subsequently Snchoreld refused to pay for the five barrels. The railway company settled with Rosenblum for $888.72, taking subrogation to Rosenblum's delivery and brought this action against Schornfield. In the Common Pleas judgment was rendered for the railroad and Schornfield prosecuted error. Held:

The evidence being that some man, responsibility for whom Schornfield denied, presented a bill of lading in exchange for which the five barrels of whiskey were delivered to him through the carelessness of the employe of the railroad, without examination of what the paper actually was and without any attempt to obtain his signature, we are of opinion that no agency, implied or otherwise, was established and that the verdict and judgment in the Common Pleas were clearly against the weight of evidence. Judgment reversed.

Attorneys—Moore, Barnum & Hammond for Schornfield; Wilson, Hahn, Henderson & Wilson, for Railway, all of Youngstown.

---

No. 132

DOLLAR SAV. & TR. CO. v. TRENTON
LUMBER CO. et

Ohio Appeals, 7th Dist., Mahoning County
Decided No. 2, 1923

1271. WILLS—Technical rules of interpretation cannot control if in conflict with apparent intention of testator to create contingent rather than vested interest in judgment debtor.

ROBERTS, J.

Epitomized Opinion

First Publication of this Opinion

The Trenton Lumber Co. secured judgment against W. C. Dingledy and caused an execution to be issued to Lynden, sheriff, who advertised for sale an undivided one-eighth interest in 13 tracts of land. It was claimed that this one-eighth interest had vested by virtue of the provisions of a will. The Trust Co., as trustee of Dingledy's father's estate, secured a temporary injunction restraining the sheriff from the attempted sale of the property. The question presented was whether, under the will, W. C. Dingledy took a vested or contingent interests. By the terms of the will, the trustees were empowered to continue the business and manage the estate. The Court of Appeals held:

1. "Construing the will from its terms and provisions, we believe that it was the intention of the estator that an interest should not, on his death, vest in his children, but that such provision should remain contingent until the time when the trustees might make provision thereof. Technical rules of interpretation maye be resorted to as aids to the construction of a will but they cannot control if they are in conflict with the apparent intention of the testator." 79 OS. 358.

Attorneys—Pfau & Carlyle, for Dollar Savings and Trust Co.; J. J. Boye, for Lyden and Trenton Lumber Co.